46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Bernall GORDON, Petitioner-Appellant,
v.
Eddie S. YLST, Warden, California Department of Corrections,
et al., Respondents-Appellees.
 No. 94-55639.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 11, 1995.*
Decided: Jan. 20, 1995.
 
 Before: WALLACE, Chief Judge; HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Bernall Gordon, a California state prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus. Gordon challenges his convictions for first-degree murder and robbery on the ground that he was denied effective assistance of counsel at trial. We have jurisdiction under 28 U.S.C. Sec. 2253. We affirm.
 
 
 3
 Gordon was convicted of first degree murder and robbery following a jury trial. He contends he received ineffective assistance of trial counsel because, at trial, a defense witness testified that she had purchased a PCP cigarette from the victim's sister at the direction of Gordon's trial counsel, and brought the PCP cigarette with her to court. Gordon contends that because the jury thus heard testimony that Gordon's trial counsel had told a witness to commit a felony, the incident prejudiced his defense. We disagree.
 
 
 4
 We review de novo both a district court's denial of habeas relief, James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 115 S.Ct. 333 (1994), and the legal question whether a defendant received ineffective assistance of counsel, United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir. 1991). To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that this prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To establish deficient performance of trial counsel, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (quotation omitted). To establish prejudice, a petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A conviction will not be set aside unless counsel's deficient performance rendered the trial fundamentally unfair or unreliable. Lockhart v. Fretwell, 113 S. Ct. 838, 844 (1993); see also United States v. Palomba, 31 F.3d 1486, 1460 (9th Cir. 1994).
 
 
 5
 Here, the prosecution attempted to prove at trial that Gordon tried to rob the victim, Larry Goolsby, that a struggle ensued, and that in the course of that struggle, Gordon shot and killed Goolsby. The shooting occurred in Goolsby's apartment. The prosecution's main witness was the victim's sister, Joyce Goolsby, who also lived in the apartment and was there when Larry was killed. The defense version of events was that Larry and Joyce Goolsby were PCP dealers; Larry paid Gordon a fee for each PCP customer he brought to them; Gordon went to the Goolsbys' apartment to collect money Larry owed him; Larry pulled a gun on Gordon; and in the ensuing struggle over the gun, the gun went off three times, hitting Larry twice and killing him.
 
 
 6
 Gordon's trial counsel tried to substantiate this version of events and to impeach Joyce Goolsby's credibility by, among other things, introducing evidence that Joyce was a PCP dealer. Defense counsel called a witness who testified that she had purchased a PCP cigarette from Joyce Goolsby and brought it with her to court. The trial judge excused the jury and dealt with the incident outside the presence of the jury. The trial resumed with the witness finishing her testimony without producing the PCP cigarette.
 
 
 7
 We need not determine whether defense counsel's directing a witness to produce contraband in court fell below an objective standard of reasonableness because Gordon has not shown prejudice. See Strickland, 466 U.S. at 687-88, 697. Gordon's lawyer sought to impeach the prosecutor's star witness by showing that she was a drug dealer. The testimony at issue tended to prove that point, which supported Gordon's defense. That it also might cause the jury to think badly of the lawyer is immaterial to showing prejudice. In addition, Gordon failed to demonstrate that defense counsel's disputed tactics rendered the result of the trial unreliable or the proceeding fundamentally unfair. Accordingly, the district court properly denied Gordon's claim of ineffective assistance. See Fretwell, 113 S. Ct. at 844; Strickland, 466 U.S. at 694-95.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3